UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CUNNINGHAM,

    Petitioner,

v.

CASE NO. 2:06-CV-11797
HONORABLE BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Robert Cunningham, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for assault with intent to commit great bodily harm less than murder, M.C.L.A. 750.84; felon in possession of a firearm, M.C.L.A. 750.224f; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; and being a fourth habitual offender, M.C.L.A. 769.12. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus and the attached pleadings.

1

Because the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See Nevers v. Killinger,* 990 F. Supp. 844, 847 (E.D. Mich. 1997).

Petitioner was convicted of shooting Steven Bunnell in Detroit, Michigan, over a dispute over illegal drugs. Petitioner presented an alibi defense through his aunt, Teresa Barnes. Petitioner also contested the accuracy or credibility of the victim's identification of him being the shooter.

Petitioner's conviction was affirmed on appeal. *People v. Cunningham,* No. 248741 (Mich.Ct.App. March 10, 2005); *lv. den.* 474 Mich. 933; 706 N.W. 2d 18 (2005). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Defendant is entitled to be resentenced where the trial court ignored the guidelines, he failed to resolve the disputed scoring of the guideline offense variables and departed from the statutory sentencing guidelines recommended minimum sentence range without substantial and compelling reasons, resulting in a disproportionate sentence.
>
> II. Defendant is entitled to be resentenced where the trial court made an impermissible assumption that he was guilty of assault with intent to murder to justify the severe sentence imposed for assault with intent to do great bodily harm as a habitual offender in violation of due process of law.
>
> III. Defendant is entitled to be resentenced where the notice of intent to enhance sentence (supplemental information) was fatally defective and an invalid enhanced sentence was imposed based on inaccurate information in violation of due process of law.
>
> IV. Defendant is entitled to be resentenced where trial counsel failed to challenge the accuracy of the prior convictions in the notice to enhance

his sentence in violation of his constitutional right to effective assistance of counsel.

V. Defendant was denied a fair trial where the court erroneously instructed the jury on reasonable doubt and their authority to act as jurors, in violation of due process.

VI. Defendant was denied a fair trial where the court erroneous[ly] instructed on the felon in possession of a firearm and diminished the People's burden of proof in violation of due process of law.

VII. Defendant was denied effective assistance of counsel at trial where trial counsel did not object to the court's failure to give an alibi defense.

## II. Standard of Review

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the

3

Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claims # 1, 2 and 3. The sentencing claims.**

The Court will discuss petitioner's sentencing claims together for judicial clarity.

In his first and second claims, petitioner contends that the trial court improperly scored his sentencing guidelines range under the Michigan Sentencing Guidelines for the most serious offense of assault with intent to do great bodily harm and being a fourth felony habitual offender. Petitioner further argues that the trial court improperly departed above the sentencing guidelines range without substantial and compelling reasons to do so, as required by M.C.L.A. 769.34(3). Petitioner further contends that the trial court improperly assumed that petitioner was guilty of the original assault with intent to commit murder charge for which he was acquitted and improperly used this assumption as a basis for departing above the guidelines.

4

Petitioner's sentence of twenty to forty years was within the statutory limits for the offense of assault with intent to do great bodily harm and being a fourth felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook,* 56 F. Supp. 2d at 797. Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that the sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Cook v. Stegall,* 56 F. Supp. 2d at 797.

Petitioner's related claim that the state trial court improperly departed above the correct sentencing guidelines range would likewise not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n

5

short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

In his third claim, petitioner contends that the supplemental information or the notice of intent to enhance his sentence as a fourth felony habitual offender was defective. Petitioner first contends that the supplemental information was defective because it misidentified petitioner's 2002 conviction as being a delivery of cocaine conviction, when, in fact, the conviction was for attempted possession with intent to deliver cocaine. Petitioner further contends that he was not convicted of one of other predicate felony offenses used to enhance his sentence, namely, a 1997 for possession of a controlled substance.

The Michigan Court of Appeals rejected petitioner's claim on two grounds. First, the Michigan Court of Appeals found that in spite of the minor discrepancy regarding the nature of petitioner's 2002 conviction, this conviction could properly be used to charge petitioner with being an habitual offender. *Cunningham,* Slip. Op. at * 4. Secondly, the Michigan Court of Appeals found that petitioner's contention that he did not have a 1997 conviction was not backed up with any supporting documentation. The Michigan Court of Appeals noted that the pre-sentence investigation report prepared in this case

established that petitioner did, in fact, have a 1997 felony drug conviction. *Id.*

Petitioner is not entitled to habeas relief on this claim for several reasons. First, petitioner has never provided any evidence, either to the state courts, or to this Court, to support his allegation that the prior convictions which were used to charge him with being a fourth habitual offender were invalid. Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief. *Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002); *See also Collier v. United States,* 92 F. Supp. 2d 99, 106 (N.D.N.Y. 2000)(rejecting claim that counsel was ineffective for failing to investigate the defendant's prior convictions in order to challenge defendant's sentence as a career offender, absent any evidence, other than the defendant's conclusory statements, that his prior convictions should have been given youthful offender status). The burden was on petitioner to prove the invalidity or unconstitutionality of any prior convictions which were used to charge him with being an habitual offender. *See Hobson v. Robinson,* 27 Fed. Appx. 443, 445 (6th Cir. 2001)(citing *Parke v. Raley,* 506 U.S. 20, 28-34 (1992)). Because petitioner failed to sustain this burden, he is not entitled to habeas relief on this claim.

Moreover, petitioner's claim that he received inadequate notice of the habitual offender charge under Michigan law does not state a claim that is cognizable in federal habeas review. *See Tolbert v. LeCureaux,* 811 F. Supp.

7

1237, 1240-41 (E.D. Mich. 1993). Petitioner does not contest that he was convicted in 2002 of a felony offense, but merely alleges that the notice of enhancement incorrectly listed this prior felony conviction as a delivery offense, when, in fact, it was a conviction for attempted possession with intent to deliver cocaine. However, under Michigan law, the trial court could have allowed the prosecutor to amend the supplemental information to correct this minor defect by listing the proper conviction, since any amendment of the supplemental information would not have increased petitioner's possible punishment. *See Barber v. Birkett,* 276 F. Supp. 2d 700, 714-15 (E.D. Mich. 2003); *People v. Hornsby,* 251 Mich. App. 462, 470-71; 650 N.W. 2d 700 (2002). Moreover, under M.C.L.A. 769.13(5)(c), the existence of petitioner's 1997 conviction was established by the contents of the pre-sentence investigation report. *See Jackson v. Jackson,* No. 2006 WL 2540951, * 15 (E.D. Mich. August 30, 2006). Petitioner has presented no evidence to this Court to rebut the Michigan Court of Appeals' factual determination that the pre-sentence investigation report established that petitioner had been convicted in 1997 of a felony drug offense. Petitioner is therefore not entitled to habeas relief on his third claim.

**B. Claims # 4 and 7. The ineffective assistance of counsel claims.**

In his fourth and seventh claims, petitioner contends that he was deprived of the effective assistance of counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must

8

show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that his counsel was ineffective for failing to challenge the accuracy of the prior convictions used to charge him with being a fourth felony habitual offender. The Michigan Court of Appeals rejected this claim, on the ground that petitioner had failed to establish that he had improperly been charged with being a fourth felony habitual offender. Because there were no viable grounds for challenging the habitual offender charges in this case, (See Claim III, *supra*) counsel was not ineffective for failing to challenge the viability of the habitual offender charges. *See e.g. Cummings v. United States,* 84 Fed. Appx. 603, 605 (6th Cir. 2003).

Petitioner next contends that his counsel was ineffective for failing to request a jury instruction on the defense of alibi, even though defense counsel argued in opening argument that petitioner was not present at the time of the shooting and presented petitioner's aunt as an alibi witness during trial.

The Michigan Court of Appeals rejected this claim, finding that petitioner's alibi witness, Teresa Barnes, could not account for petitioner's whereabouts at

9

the time of the shooting. *Cunningham,* Slip. Op. at * 5.  Indeed, Ms. Barnes testified that although she let petitioner into her house around 9:00 p.m. on the night of the shooting, she did not see petitioner after she let him into the house that night and admitted that it was possible for petitioner to have let himself out of her house and left the door unlocked so that he could reenter the home later. (T. 4/1/2003, pp. 30-31).  The shooting took place at 10:30 p.m., after petitioner's aunt last saw him. (See T. 3/31/2003, p. 40).  Because there was a window of opportunity for petitioner to have committed this crime after his aunt saw him on the night of October 10th, petitioner was not prejudiced by counsel's failure to seek an instruction on the defense of alibi. *See e.g. Fargo v. Phillips,* 58 Fed. Appx. 603, 607-08 (6th Cir. 2003)(petitioner was not denied effective assistance as result of trial counsel's failure to contact potential alibi witness, where there was a window of time for petitioner to have committed criminal act between the times during which the witnesses could account for petitioner).  Petitioner is not entitled to habeas relief on his fourth and seventh claims.

**C.  Claims # 5 and 6.  The jury instruction claims.**

Petitioner next contends that he was deprived of a fair trial because of defective jury instructions.

Petitioner first contends in his fifth claim that the trial court judge gave a defective jury instruction concerning the concept of reasonable doubt.  Prior to deliberations, the trial judge gave the jury the following instruction on the

definition of reasonable doubt:

> "The standard that I advised you of was proof beyond a reasonable doubt. It is not proof beyond all doubt. It is not proof beyond all doubt. It is not proof beyond a shadow of a doubt. It's not proof beyond any possibility of doubt. It's proof beyond a reasonable doubt.
>
> A reasonable doubt is a doubt for which you can assign a reason for having. A fair, honest and reasonable doubt. The kind of doubt that you will hesitate before making an important decision.
>
> But you must also keep in mind that a reasonable doubt is not a flimsy, a vain, fictitious, or imaginary doubt, or a possibility of innocence or something that you may have noticed in the past in some other matter.
>
> It's a doubt–a reasonable doubt does not grow out of the case itself. It's a fair, honest and reasonable doubt.
>
> If you can say that you have an abiding conviction to a moral certainty that the People have met their burden, it is your duty to find the defendant guilty.
>
> Of course, if you do not have an abiding conviction to a moral certainty, it is your duty to bring back a verdict of not guilty.
>
> Again, a reasonable doubt is a reasonable, fair, honest and reasonable doubt, what the words reason and common sense mean ordinarily.
>
> It is not a vain, flimsy, imaginary, fictitious doubt, or a hunch or a feeling or even a possibility of innocence. (T. 4/1/2003, pp. 61-62).

Petitioner contends that the trial court's reasonable doubt instruction was defective, because it deviated from the standard reasonable doubt instruction, CJI2d 3.2(3). Petitioner further contends that the trial court judge erroneously instructed the jury that a reasonable doubt does not grow out of the case.

Petitioner also contends that the trial court erred in instructing the jurors that a reasonable doubt does not grow out of the mere possibility of innocence.

The Michigan Court of Appeals rejected petitioner's claim, by noting that although some of the trial court judge's language may have been problematic, the judge also appropriately used the language contained in CJI 2d 3.2(3) concerning the reasonable doubt concept. The Michigan Court of Appeals concluded that when viewing the entire instruction in context, there was not a reasonable likelihood that the jury applied the instructions in such a manner that lowered the prosecution's burden of proof. *Cunningham,* Slip. Op. at * 5.

Jury instructions must be read in their entirety to ensure that the instructions, read as a whole, correctly convey the reasonable doubt concept to the jury. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 973 (E.D. Mich. 1999). The proper inquiry for a court reviewing a reasonable doubt instruction is not whether the jury instruction could have been applied unconstitutionally, but whether there is a reasonable likelihood that the jury did apply the jury instruction in an unconstitutional manner. *Victor v. Nebraska*, 511 U.S. 1, 6 (1994). The Due Process Clause of the Fourteenth Amendment neither prohibits a trial court from defining reasonable doubt nor does it require it to define reasonable doubt as a matter of course, so long as the trial court instructs the jury on the necessity that the defendant's guilt must be proven beyond a reasonable doubt. *Victor,* 511 U.S. at 5; *Ferrazza,* 36 F. Supp. 2d at 973.

When viewed in its entirety, the trial court's instruction adequately informed the jurors about the concept of reasonable doubt. Although the trial court's statement in isolation that " a reasonable doubt does not grow out of the case itself" is troubling, when viewed within the context that it was made, it appears that the trial court judge was merely explaining to the jurors that any doubt must be "fair, honest and reasonable," and not based on a fictitious or imaginary doubt. The trial court judge's instruction that a doubt could not be based on a mere possibility of innocence was likewise made in a similar vein.

When viewed in the context of the instructions as a whole, the trial court's instruction did not lower the prosecution's burden of proof because the instruction merely conveyed to the jury that a reasonable doubt must be based on reason, as opposed to fancy, whim, or conjecture. *See Paluskas v. Bock,* 410 F. Supp. 2d 602, 612 (E.D. Mich. 2006). The trial judge in the present case gave the jurors a lengthy instruction that adequately explained the concept of reasonable doubt and emphasized that the prosecutor bore the burden of proof. The trial court also instructed the jury that (1) the petitioner was presumed innocent; (2) the burden of proof never shifted from the prosecution; (3) the petitioner was not required to come forward with any evidence; and (4) a failure to prove guilt beyond a reasonable doubt must result in an acquittal. (T. 4/1/2003, pp. 61-63). The petitioner is therefore not entitled to habeas relief on his fifth claim. *Paluskas,* 410 F. Supp. 2d at 614; *Ferrazza,* 36 F. Supp. 2d at

976.

In his sixth claim, petitioner contends that the trial court failed to instruct the jurors on all of the elements for the felon in possession of a firearm charge. The Michigan Court of Appeals found that because petitioner's counsel had expressed satisfaction with the instructions as given, petitioner waived appellate review of the issue. *Cunningham,* Slip. Op. at * 5.

Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the issue is waived for appellate review. *See People v. Carter,* 462 Mich. 206, 219; 612 N.W. 2d 144 (2000). Because the Michigan Court of Appeals relied on counsel's expression of approval of the jury instruction as given to reject petitioner's claim, the issue is procedurally defaulted. *See McKissic v. Birkett,* 200 Fed. Appx. 463, 471 (6th Cir. 2006); *cert. den.* 127 S.Ct. 1483 (2007).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a

constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In the present case, petitioner has offered no reasons for his failure to preserve his sixth claim. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Rowls v. Jamrog,* 193 F. Supp. 2d 1016, 1026 (E.D. Mich. 2002).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's sixth claim on the merits. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 654 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his sixth claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will

also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002); *Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659.  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

**V. ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: June 25, 2007

I hereby certify that a copy of the foregoing document was served upon petitioner and counsel of record on June 25, 2007, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager